IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

April 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| Appellee, | ) | No. 01C01-9605-CR-00214 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Thomas H. Shriver, Judge |
| | ) | |
| WILLIAM L. POSEY | ) | (Aggravated robbery) |
| a.k.a LEM POSEY, | ) | |
| | ) | |
| Appellant. | ) | |

For the Appellant:

F. Michie Gibson, Jr.
1416 Parkway Towers
404 James Robertson Parkway
Nashville, TN 37219

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Anthony D. Miller
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
    and
Nicholas Bailey
Pam Anderson
Assistant District Attorneys General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, William L. Posey a.k.a. Lem Posey, was convicted in a jury trial in Davidson County Criminal Court of seven counts of aggravated robbery, a Class B felony. As a Range II, multiple offender, he received an effective sentence of sixty-four years in the Department of Correction consecutive to a previous life sentence imposed in Georgia. In this appeal as of right, his only issue is whether the trial court abused its discretion by refusing to sever the various charges for separate trials. We hold that the trial court's refusal was proper.

The defendant was convicted of aggravated robbery relative to the following places and times:

| | | |
|---|---|---|
| Dollar General Store, Nollensville Rd. | Sept. 16, 1993 | 12:45 p.m. |
| Dollar General Store, Nollensville Rd. | Nov. 20, 1993 | 7:55 p.m. |
| Dollar General Store, Lebanon Rd. | Nov. 23, 1993 | 6:00 p.m. |
| Dollar General Store, Antioch Pike | Dec. 4, 1993 | 6:15.p.m. |
| Family Dollar Store, Gallatin Rd. (2 victims) | Dec. 8, 1993 | 5:45 p.m. |
| Dollar General Store, Antioch Pike | Jan. 11, 1994 | 6:50 p.m. |

The defendant was also charged with aggravated robbery at a Wendy's restaurant on December 12, 1993, but the jury acquitted him of this charge.

The proof reflects that in each store, the defendant entered, shopped around as a normal customer, approached the cashier with a purchase, pulled a firearm when the cashier rang up the purchase, ordered the cashier to give him the money in the register, usually demanding the money under the till box, as well, had the money placed in a store customer bag, and walked out. In the Wendy's robbery, the defendant approached the counter, had the cashier take the money from the cash drawer, including under the till box, had the money placed in a Wendy's bag, and walked out.

The defendant did not attempt to mask his appearance. In each instance, store employees identified the defendant as the perpetrator. Police matched his

2

fingerprints with those of the perpetrator in the January 11, 1994, Dollar General Store robbery. Also, the defendant admitted to an F.B.I. agent that he robbed the Dollar General Stores on November 18 and December 4, 1993, and the Family Dollar Store on Gallatin Road.

In this appeal, the defendant's argument in his brief consists solely of the following:

> A defendant is entitled to severance of offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others. The court should also grant a severance of offenses if appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. State v. Lunati, 665 S.W.2d 739 (Tenn. Crim. App. 1983).

There is no specification of how his case circumstances meet the criteria for severed trials. And we find none in the record.

In this respect, we note that the record fails to include the transcript of the hearing apparently held by the trial court at which the severance issue was presented. However, the defendant's motion in the trial court is in the record, its thrust being that the fact of separate victims and separate dates should allow for separate trials to promote a fair determination of the defendant's guilt or innocence.

Pursuant to Rule 14(b)(1), Tenn. R. Crim. P., "the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others." Also, pursuant to Rule 14(b)(2), a severance will occur if "it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense."

In State v. Hallock, 875 S.W.2d 285 (Tenn. Crim. App. 1993), authored by now Chief Justice A. A. Birch, this court provided an excellent analysis of the

3

requirements under Rule 14(b)(1) for having a trial with consolidated offenses.  It emphasized that a defendant has a right to a severance unless a two-prong test is met: (1) the offenses must be part of a common scheme or plan and (2) the evidence of one must be admissible in the state's case-in-chief upon the trial of the others.  Id. at 289.  In this sense, it emphasized that not only must a common scheme or plan be shown, but the evidence of one offense must be relevant to proving other offenses.

In the present case, the series of events that are similar in each offense reflect a modus operandi that can be characterized as a signature by the perpetrator. This reflects that the offenses were part of a common scheme or plan.  See Hallock, 875 S.W.2d at 290.  Moreover, such a distinctive set of recurrent actions by the perpetrator of the offenses in this case would be admissible in separate trials for each of the offenses because of its relevance to the perpetrator's identity, an issue litigated in the present case.

Given these circumstances and the policy considerations regarding the efficient use of justice system resources, see State v. Lunati, 665 S.W.2d at 746, we conclude that it was within the sound discretion of the trial court to deny a severance. See State v. Wiseman, 643 S.W.2d 354, 362 (Tenn. Crim. App. 1982).  The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

4

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge